UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____X
                                      :     CIVIL ACTION NO.
                                      :
ROTH FABRIC, INC.,                    :
        Plaintiff                     :
                                      :
V.                                    :
                                      :
ARTEE COLLECTIONS, INC. AND           :
ARTI BHANDRAI MEHTA,                  :
        Defendants.                   :     DECEMBER 10, 2012
_____X


## **COMPLAINT**

The Plaintiff, Roth Fabric, Inc. ("Roth" or "Plaintiff"), by its attorneys, Ury & Moskow, LLC, for its Complaint against the Defendants, Artee Collections, Inc. ("Artee" or "Defendant") and Arti Bhandrai Mehta ("Mehta" or "Defendant"), alleges upon information and belief, as follows:

1.   The Plaintiff, Roth, is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business located at 22 South Smith Street, East Norwalk, Connecticut 06855.

2.   The Defendant, Artee, is a corporation with a principal place of business located at 68 Tower Street, Hudson, Massachusetts 01749.

3.   The Defendant, Mehta, is an individual residing, upon information and belief, at 91 Goodnow Road, Sudbury, Massachusetts and is and has been at all times herein the principal of Artee.

## JURISDICTION AND VENUE

4.    This is an action for injunctive relief, damages, punitive damages, and attorneys' fees for Defendants' false advertising, unfair competition, false designation of origin, copyright infringement, and deceptive acts and practices.

5.    This action arises under the Trademark Act of 1946, as amended, § 15 U.S.C. 1051, et seq. and under the copyright laws of the United States, 17 U.S.C. § 101, et seq.

6.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. 1121, 28 U.S.C. §§ 1331, 1338(a), 1339(b), and this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) with respect to the claims at common law and under the statutes of the State of Connecticut.

7.    This Court has personal jurisdiction over the Defendants as the Defendants manufacturer and sell merchandise and put such merchandise into the stream of commerce of the United States and, upon information and belief, derive substantial revenue from intrastate and interstate commerce and has engaged in unfair competition and copyright infringement within this District and is otherwise within the jurisdiction of this Court.

8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(a), 1400(b).

2

## FACTS COMMON TO ALL COUNTS

9.     Roth manufacturers and sells a variety of consumer textile products, including but not limited to textiles for home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs.

10.    Roth's products are purchased by stores and wholesalers, and the products are then sold by the stores and wholesalers to the consumer.

11.    Beginning in 1998 and through and including 2010, Roth independently designed, originated, and created artwork for its textiles, including the following seven named patterns:

a) Navajo 9              Copyright #VA0001774876          February 28, 2011;

b) Apache                Copyright #VA0001387817          September 26, 2006;

c) Los Christos          Copyright #VA0001398577          February 27, 2007;

d) Bretagne Plaid        Copyright #VA0001316521          April 21, 2005;

e) Sandoval Serape-

    Creek                Copyright #VA0001186638          February 28, 2003;

f) Rollins Red           Copyright #VA0000931905          November 18, 1998;

    and

g) Zuni                  Copyright #VA0000931910          November 18, 1998

(hereinafter "Designs" and/or "Seven Patterns").

12.    The Designs consist of individual patterns in various colorways and stitching. These unique Designs are used for Roth's textiles, including, but not limited to

3

home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs, which products are sold in interstate commerce. The Designs are Roth's original works, and Roth owns the copyright rights in the Designs as of the dates delineated in paragraph 11 above.

13.   The Designs' artworks are the original designs and undertaking of Roth and constitute copyrightable subject matter under the copyright laws of the United States.

14.   To the best of Plaintiff's knowledge and belief, prior to Roth's creation of the subject artwork, such artwork had never been printed or published in the United States or a foreign country.

15.   Since 2011, Roth has continuously sold textiles, including but not limited to home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs with the Navajo 9 design throughout the United States.

16.   Roth is the owner of a United States Copyright Registration of a work entitled Navajo 9 for the subject pattern, registration number VA0001774876 as of February 28, 2011.   (A true and accurate copy of the Registration is attached hereto as Exhibit A.)

17.   The Plaintiff has never authorized or licensed the Defendants to sell or use the copyrighted design known as Navajo 9.

18.   Since 2006, Roth has continuously sold textiles, including but not limited to home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs with the

Apache design throughout the United States.

19. Roth is the owner of a United States Copyright Registration of a work entitled Apache for the subject pattern, registration number VA 0001387817 as of September 26, 2006. (A true and accurate copy of the Registration is attached hereto as Exhibit B.)

20. The Plaintiff has never authorized or licensed the Defendants to sell or use the copyrighted design known as Apache.

21. Since 2007, Roth has continuously sold textiles, including but not limited to home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs with the Los Christos design throughout the United States.

22. Roth is the owner of a United States Copyright Registration of a work entitled Los Christos for the subject pattern, registration number VA0001398577, as of February 28, 2007. (A true and accurate copy of the Registration is attached hereto as Exhibit C.)

23. The Plaintiff has never authorized or licensed the Defendants to sell or use the copyrighted design known as Los Christos.

24. Since 2005, Roth has continuously sold textiles, including but not limited to home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs with the Bretagne Plaid design throughout the United States.

25. Roth is the owner of a United States Copyright Registration of a work entitled Bretagne Plaid for the subject pattern, registration number VA0001316521, as of

April 21, 2005.  (A true and accurate copy of the Registration is attached hereto as Exhibit D.)

26. The Plaintiff has never authorized or licensed the Defendants to sell or use the copyrighted design known as Bretagne Plaid.

27. Since 2003, Roth has continuously sold textiles, including but not limited to home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs with the Sandoval Serape-Creek design throughout the United States.

28. Roth is the owner of a United States Copyright Registration of a work entitled Sandoval Serape-Creek for the subject pattern, registration number VA0001186638 as of February 28, 2003.  (A true and accurate copy of the Registration is attached hereto as Exhibit E.)

29. The Plaintiff has never authorized or licensed the Defendants to sell or use the copyrighted design known as Sandoval Serape-Creek.

30. Since 1998, Roth has continuously sold textiles, including but not limited to home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs with the Rollins Red design throughout the United States.

31. Roth is the owner of a United States Copyright Registration of a work entitled Rollins Red for the subject pattern, registration number VA0000931905, as of November 18, 1998.  (A true and accurate copy of the Registration is attached hereto as Exhibit F.)

6

32. The Plaintiff has never authorized or licensed the Defendants to sell or use the copyrighted design known as Rollins Red.

33. Since 1998, Roth has continuously sold textiles, including but not limited to home furnishings, furniture, tablecloths, napkins, placemats, runners, and rugs with the Zuni design throughout the United States.

34. Roth is the owner of a United States Copyright Registration of a work entitled Zuni for the subject pattern, registration number VA0000931910, as of November 18, 1998. (A true and accurate copy of the Registration is attached hereto as Exhibit G.)

35. The Plaintiff has never authorized or licensed the Defendants to sell or use the copyrighted design known as Zuni.

## WRONGFUL ACTS OF DEFENDANTS

36. The Defendants have placed into interstate commerce by advertising, selling, and/or distributing Roth's copyrighted Designs and products.

37. The Defendants are selling those products to consumers without licensee or consent of Plaintiff. (True and accurate copies of the products placed into commerce by the Defendants are attached hereto as Exhibit H).

38. The Defendants' misappropriation of Plaintiff's Designs and artwork were intentional.

39. The Plaintiff provided written notice on December 16, 2011 of its claim against Defendants and demanded that Defendants cease and desist from the marketing, sale, and distribution of products that infringe on Roth's designs.  A true and

7

accurate copy of the December 16, 2011 correspondence is attached hereto as Exhibit I.

40.    Defendants knew or should have known that the designs belonged the Plaintiff, particularly in light of the December 16, 2011 notice.

41.    The Defendants' actions are likely to cause confusion and mistake between Defendants' product and the Plaintiffs product and are deceptive to consumers.

## FIRST COUNT - COPYRIGHT INFRINGEMENT

42.    Roth repeats and realleges the allegations contained in Paragraphs 1 through 41, inclusive, of the Complaint as if fully set forth herein.

43.    Prior to each Design's copyright date, the Plaintiff created and designed each of the original Design's patterns for production, distribution, and sale of its textiles.

44.    Each of the Designs is wholly original and are copyrightable under the laws of the United States.

45.    Since each Design's copyright date, Roth's textiles containing the Seven Patterns have been made by the Plaintiff, and all of the products made by the Plaintiff or under its authority have been in strict compliance with the laws governing copyright.

46.    The Plaintiff received from the Register of Copyright a Certificate of Registration for each of the Seven Patterns, on each of the following dates, identified as follows:

a) Navajo 9          Copyright #VA0001774876          February 28, 2011;

b) Apache            Copyright #VA 0001387817         September 26, 2006;

8

| | | |
|---|---|---|
| c) Los Christos | Copyright #VA0001398577 | February 27, 2007; |
| d) Bretagne Plaid | Copyright #VA0001316521 | April 21, 2005; |
| e) Sandoval Serape-<br>    Creek | Copyright #VA0001186638 | February 28, 2003; |
| f) Rollins Red<br>    and | Copyright #VA0000931905 | November 18, 1998; |
| g) Zuni | Copyright #VA0000931910 | November 18, 1998. |

(hereinafter "Designs" and/or "Seven Patterns").

47.    Since each of the copyright dates above, the Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyright of each of the Designs.

48.    Subsequent to the Plaintiff's creation of each Design, and with full knowledge of the right of the Plaintiff therein, the Defendants infringed said copyright by selling, distributing, and/or advertising, and otherwise placing into commerce one or more of the Plaintiff's products and Designs.

49.    The Plaintiff has notified the Defendants that the Defendants have infringed the copyright of the Plaintiff and, upon information and belief, despite such notice on December 16, 2011 (Exhibit H), the Defendants have continued to infringe the copyright.

50.    All of the Defendants' acts were performed without the permission, license, or consent of the Plaintiff.

9

51.     By reason of the Defendants' acts of copyright infringement as alleged above, the Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution of the value of its rights, all in amounts which are not yet ascertainable.

52.     Unless restrained and enjoined, the Defendants' acts of copyright infringement as alleged above will cause the Plaintiff irreparable injury.

53.     By reason of its infringement of Plaintiff's copyright as alleged above, the Defendants are liable to the Plaintiff for actual damages incurred by the Plaintiff as a result of the Defendants' infringement, and any additional profits of the Defendants attributable to the infringement, together with costs and attorneys' fees.

## SECOND COUNT - VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

54.     Roth repeats and realleges the allegations contained in Paragraphs 1 through 53, inclusive, of the Complaint as if fully set forth herein.

55.     Upon information and belief, from at least 2011 and continuing thereafter, the Defendants, without consent of the Plaintiff, have distributed one or more of the Plaintiff's Designs.

56.     Defendants' distribution of these textiles is likely to mislead consumers and others to induce the mistaken belief that the Defendants' products are associated with the Plaintiff's products or in some way connected with the Plaintiff.

57.     The aforesaid acts constitute false designation of origin and false description and representation tending falsely to describe the Defendants' patterns, all in violation of § 43(a) of The Lanham Act, 15 U.S.C. § 1125(a).

58.     By reason of the Defendants' false designation of origin and false description and representation tending falsely to describe Defendants' pattern, the Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill, and damage to its reputation, all in amounts which are not yet fully ascertainable.

59.     By reason of the Defendants' false designation of origin and false description and representation as alleged above, the Defendants are liable to the Plaintiff for actual damages incurred by the Plaintiff as a result of the Defendants' infringement, any additional profits of the Defendants attributable to the infringement, together with costs and attorney's fees.

## THIRD COUNT – COMMON LAW UNFAIR COMPETITION

60.     Roth repeats and realleges the allegations contained in Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

61.     Upon information and belief, the Defendants have, without the consent of the Plaintiff, sold and/or distributed and/or advertised one or more of the Plaintiff's Designs.

62.     Defendants' distribution and/or advertising of these Designs is likely to confuse and mislead consumers and others to induce the mistaken belief that the Defendants'

11

products are associated with the Plaintiff's products or are in some way connected with or endorsed by the Plaintiff.

63. The aforesaid acts of the Defendant constitute unfair competition with the Plaintiff.

64. By reason of the Defendants' acts or unfair competition, the Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill, and damage to its reputation, all in amounts which are not yet fully ascertainable.

65. By reason of its acts or unfair competition as alleged above, the Defendants are liable to the Plaintiff for the actual damages incurred by the Plaintiff as a result of the Defendants' acts and any additional profits of the Defendants attributable to the infringement, together with costs and attorneys' fees.

66. Unless retrained and enjoined, the Defendants' acts of unfair competition as alleged will cause the Plaintiff irreparable injury.

## FOURTH COUNT - VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

67. Roth repeats and realleges the allegations contained in Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. At all times relevant hereto, the Defendant Artee Collections, Inc. was engaged in trade or commerce.

69. As alleged above, all of the foregoing constitutes unfair, deceptive, unscrupulous, and unlawful trade practices pursuant to C.G.S. § 42-110b, et seq.

70.   Defendants engaged in such wrongful, unfair and deceptive conduct in order to maximize their own profits.

72.   The Plaintiff has suffered damages as a result of the aforesaid conduct.

## FIFTH COUNT – COMMON LAW DEFAMATION PER SE

72.   Roth repeats and realleges the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

73.   Upon information and belief, beginning in or around April 2011 through the present, Defendant Mahta published defamatory statements about the Plaintiff to Plaintiff's customers to the effect that:

   a) Roth is going out of business;

   b) Defendants can sell Roth's goods at a discount; and/or

   c) Defendants "bought out" Roth.

74.   As a result of the Mahta's defamation, the Plaintiff's reputation suffered injury.

75.   As a result of the Mahta's defamation statements, the Plaintiff suffered economic loss.

## SIXTH COUNT – COMMON LAW SLANDER PER SE

76.   Roth repeats and realleges the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

77.   Upon information and belief, beginning in or around April 2011 through the present, Defendant Mahta published defamatory statements about the Plaintiff to Plaintiff's customers to the effect that:

13

    a) Roth is going out of business;

    b) Defendants can sell Roth's goods at a discount; and/or

    c) Defendants "bought out" Roth.

78.    As a result of the Mahta's slander, the Plaintiff has suffered injury.

## SEVENTH COUNT – COMMON LAW TORTIOUS INTERFERENCE

79.    Roth repeats and realleges the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

80.    Upon information and belief, beginning in or around April 2011 through the present, Defendant Mahta made statements about the Plaintiff to Plaintiff's customers to the effect that:

    a) Roth is going out of business;

    b) Defendants can sell Roth's goods at a discount; and/or

    c) Defendants "bought out" Roth.

81.    The Defendant Mahta knew of the existence of Roth's beneficial relationship with Roth's customers.

82.    The Defendant Mahta intentionally made the aforementioned statements for the purpose of interfering with Roth's relationships with its customers.

83.    Defendant Mahta tortiously interfered with Roth's relationship with its customers.

84.    As a result of Mahta's tortious interference, the Plaintiff suffered actual loss to the extent of lost sales of an amount yet to be determined.

**WHEREFORE,** the Plaintiff prays for judgment in its favor against the Defendants, Artee Collections, Inc. and Arti Bhandrai Mehta, upon each and every cause of action asserted herein, awarding it as follows:

1. That the Defendants and their agents and servants be enjoined during the pendency of this action and permanently enjoined from infringing Plaintiff's copyrighted Designs in any manner;

2. That the Defendants and their agents and servants be enjoined during the pendency of this action from distributing to any person in any manner any textile containing the infringing patterns and Designs;

3. That the Defendants be required to account for all gains, profits, and advantages derived by the Defendant by its infringement of Plaintiff's copyright Designs and their unfair trade practices and unfair competition;

4. That the Defendants pay to Plaintiff the actual damages suffered by the Plaintiff and the additional profits of Defendants attributable to such infringement; actual damages suffered as a result of Defendants' violation of § 43(a) of the Lanham Act, unfair competition, violation of the Connecticut Unfair Trade Practices Act, and any additional profits attributable to such violation; punitive damages; attorneys' fees; and costs;

5. That the Defendant be required to deliver up to be impounded during the pendency of this action all Plaintiff's Designs and products in their possession or under their control and to deliver up for destruction all infringing copies of these works;

15

6.  That the Defendants pay to Plaintiff attorneys' fees and costs; and

7.  That Plaintiff has all other and further relief as the Court may deem just

and equitable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

THE PLAINTIFF,
ROTH FABRIC, INC.


By: _____
Stephanie Dellolio
Attorney at Law
Ury & Moskow, L.L.C.
883 Black Rock Turnpike
Fairfield, Connecticut 06825
Fed Bar No. ct 27697
(203) 610-6393 Telephone
(203) 610-6399 Facsimile
stephanied@urymoskow.com  Electronic Mail